## 2670.  EDWARD K. TRYON COMPANY *v.* HUTCHINSON LUMBER AND SUPPLY COMPANY.

1. The burden of proof was upon the plaintiff to prove its account, and while proof that the goods sold to the defendant were delivered to a common carrier, and by the carrier delivered to the defendant, would, without more, have required a finding in favor of the plaintiff, for the contract price of the goods thus shipped and delivered, still the evidence as a whole failed to show that all of the goods said to have been delivered were in fact delivered to the common carrier.

2. The inference that all of the goods alleged to have been delivered to a common carrier to be by it delivered to the purchaser were in fact delivered to the latter, arising from the delivery of a box or package alleged to contain such goods, may be rebutted, when it appears that a portion of the shipment is missing, by proof of facts and circumstances which satisfactorily establish the fact that the missing portion was not delivered to the carrier. The facts that articles said to have been shipped by the seller to the purchaser are missing when the box or package said to contain the entire shipment is opened by the latter, that the original package containing the shipment gives no evidence of having been opened or tampered with en route, and that all vacant space in the package other than that occupied by the articles which were received is filled with papers and circulars advertising the business of the seller, may authorize the inference that the missing portion was not in fact delivered by the seller to the carrier.

3. Where a shipment consists of a number of articles, and the bill of lading issued by the carrier makes no further reference to the character or identity of the separate articles composing the shipment than the approximate weight of the shipment as a whole, the shipper should show, otherwise than by the bill of lading, that all of the articles contained in the shipment were in fact delivered by him to the carrier.

DECIDED JANUARY 31, 1911.

Complaint; from city court·of Cordele—Judge Strozier. April 23, 1910.

*Walter F. Hall, Ellis, Webb & Ellis,* for plaintiff.

*W. H. McKenzie,* for defendant.

RUSSELL,.J. The Edward K. Tryon Company brought suit upon an account, against the Hutchinson Lumber and Supply Company. The jury found a verdict for the defendant; and the plaintiff excepts to the judgment refusing a new trial. The plaintiff company was a dealer in pistols and revolvers in Philadelphia. The defendant dealt in similar articles in Cordele, and ordered a bill of pistols and revolvers from the plaintiff. When the shipment was received the defendant paid a portion of the account, but, claiming that a portion of the goods ordered were never shipped, refused to pay that portion of the alleged indebtedness which is involved in the present case. The evidence in behalf of the plaintiff in the court below was to the effect that the defendant ordered from it 29 revolvers and 3 pistols, the bill amounting to $343.80, and refused to pay for 16 of the revolvers, amounting to $188.30. The plaintiff's case depended upon the rule that generally delivery to a common carrier is delivery to the purchaser. The plaintiff proved that one witness checked off each and every item that the defendant had ordered, and put· it in a bin used by the packer. The packer testified that he personally counted the 29 revolvers and packed them in a strong and durable case, which weighed about 100 pounds. Another witness testified that he prepared the bill of lading and delivered the package or case containing the goods to the drayman, to be carried to the transportation company. The bill of lading referred by number to the packing slip, which was kept by one of the employees of the plaintiff, and which he testified .was a correct memorandum of the contents of the box, as packed. But the bill,of lading only acknowledges the receipt of "one case of goods, weight subject to correction, .100 pounds." The plaintiff introduced also a letter in which the defendant· admitted that the box with its contents weighed only 56 pounds before it was opened at Cordele, and in this letter the defendants asked for an affidavit of the plaintiff's packer, to be attached to the affidavits evidencing its claim, and expressed the opinion that the plaintiff could collect the claim better than the defendant could. The defendant introduced testimony to the effect that

before the case containing the shipment was opened, it was weighed. It appeared to be light. The employee who opened it, and other witnesses, testified that every pistol in the case was counted and checked with the plaintiff's bill, and that those which corresponded with the invoice were checked in red ink, and 16 Colt revolvers were missing. Witnesses for the defendant made a thorough examination of the box before it was opened, and found no evidence whatever that it had been opened or tampered with in any way after being shipped out. The goods were carefully and neatly packed in a box, but the box was not filled by the goods covered by the invoice, and the portion of it that was not filled by the goods was filled with waste paper and advertising matter of the plaintiff. Several of the defendant's witnesses testified that in their opinion, from an examination of the shipment and the case in which it was received, it had evidently not been opened after being boxed by the plaintiff, until it was opened in the store of the defendant at Cordele, Ga. The defendant also put in evidence certain letters from the plaintiff, claiming that the only explanation of the shortage of the revolvers was that the case had been tampered with in transit, advising the defendant to make claim against the transportation company and offering to assist it in doing so. One of the defendant's clerks testified that he went with the drayman to receive the shipment from the carrier, and received it from the latter in apparent good order. He afterwards assisted in unpacking it, and he too testified that there was a shortage of 16 revolvers.

From the above statement of facts it is apparent that there was an issue of fact for the solution of the jury, the determination of which is controlling; nothing else is involved in the case, because no errors of law are assigned. Were the 16 revolvers delivered by the plaintiff to the carrier? If so, the plaintiff is not responsible for their non-delivery, and the defendant is liable to the plaintiff for the purchase price. In other words, is the verdict contrary to law and evidence for the reason that the plaintiff proved that it delivered to the carrier for the defendant the 16 revolvers which were not delivered? We do not think, under the circumstances in evidence, that the jury were required to find that the plaintiff had established its case; and of course, if the plaintiff failed to prove its case by a preponderance of the evidence, a verdict for the defendant

could properly follow. The plaintiff did not show delivery of the pistols and revolvers to the carrier, otherwise than by proof that the case containing them was delivered to the plaintiff's usual drayman, and by the bill of lading. The testimony of the drayman was not taken. The bill of lading does not specify the kind or character or number of the articles composing the shipment, further than to say that the shipment was of the first class, and that the weight, "subject to correction," was 100 pounds. There is no evidence that the shipment was weighed by the carrier. The point at issue was whether the 16 revolvers were delivered to the carrier. The fact that the case contained 16 revolvers less than the invoice, judged in the light of the jury's verdict, must be taken to have been established. The fact that the packing case gave no evidence of having been opened or tampered with, although closely examined, taken with the fact that the vacant space in the case was filled with paper and advertising matter of the plaintiff, is a persuasive circumstance. It is not to be conclusively presumed, even if the revolvers were counted into the bin by one of the employees of the plaintiff, and into the packing case by another, that they were all in the case at the time that it was delivered to the Merchants & Miners Transportation Company, especially as the packer did not testify that he himself nailed up the case or fastened it otherwise. So far as appears from the record, the duty of finally nailing or fastening the case may have fallen to the plaintiff's drayman. It is well settled, of course, that generally the delivery to a carrier of articles to be shipped to the purchaser is delivery to the purchaser, but where this rule is relied upon and the shipment consists of a large number of varied articles, the plaintiff must show that all of the articles contained in the shipment were in fact delivered. Where a portion of the shipment does not reach its destination, and the bill of lading only describes the shipment as "one case of goods," the delivery of the case with its contents, whatever they may be, at the time it is accepted by the carrier, is delivery to the consignee, but it is still within the power of the carrier or of the consignee to show the real contents of the case or package which was shipped and which is described in the bill of lading.

The inference that all of the goods which are alleged to have been delivered to the common carrier to be by it delivered to the

purchaser were in fact delivered to the latter, arising from the delivery of a box or package alleged to contain such goods, may be rebutted, when it appears that a portion of the shipment is missing, by proof of facts and circumstances which satisfactorily establish the fact that such portion of the proposed shipment was not in fact delivered to the carrier. The fact that articles said to have been shipped by the seller to the purchaser are missing when the box or package said to contain the entire shipment is opened by the latter, that the original package containing the shipment gives no evidence of having been opened or tampered with en route, and that all vacant space in the package other than that occupied by the articles received is filled with papers and circulars advertising the business of the seller may authorize the inference that a portion of the shipment not received by the purchaser was not in fact delivered by the seller to the carrier.

Where a shipment consists of a number of articles, and the bill of lading issued by the carrier makes no further reference to the character or identity of the separate articles composing the shipment than the approximate weight of the shipment as a whole, the shipper should show otherwise than by the bill of lading that all of the articles contained in the shipment were in fact delivered by him to the carrier. The evidence authorized the inference that the 16 revolvers were not in the case at the time that the shipment was delivered to the carrier, and this view of the evidence was approved by the trial judge. The court did not err in refusing a new trial. *Judgment affirmed.*